# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAURICIO MATERON,** | : | **CIVIL NO. 1:CV-11-00648** |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| **WARDEN DAVID EBBERT,** | : | |
| Respondent | : | |

# **M E M O R A N D U M**

Before the court is Petitioner Mauricio Materon's motion for reconsideration, brought pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, of the court's memorandum and order of June 27, 2011 (Doc. 10), denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 15.) For the reasons that follow, the instant motion (Doc. 15) will be denied.

## I. Background

In the petition, Petitioner challenged disciplinary proceedings against him after being found in possession of cell phone. (Doc. 1.) Specifically, Petitioner contended that he should not have been cited for a violation of Section 108 (Possession, Manufacture, or Introduction of a Hazardous Tool) of the Bureau of Prisons' ("BOP") disciplinary code because "Rule 108 had not been amended to include cell phones under the definition of hazardous tools." (*Id*. ¶ 12.) Rather,

Petitioner should have been charged with a violation of Section 305 (Possession of Anything Not Authorized).  (*Id.* ¶ 13.)  Petitioner also complained that the sanctions imposed by the Disciplinary Hearing Officer ("DHO") were "of an extent and severity that are not authorized for a violation of Code 305."  (*Id.* ¶ 26.)  Petitioner did not raise any argument that his rights were hindered by a language barrier.  (Doc. 1.)

On May 3, 2011, the court directed service of the petition.  (Doc. 5.)  On May 23, 2011, Respondent filed a response, arguing that the petition should be dismissed for lack of exhaustion or, in the alternative, denied on its merits.  (Doc. 7.)  After Petitioner filed a traverse, (Doc. 8), the court issued a memorandum and order denying the petition on the basis that it lacked merit, (Doc. 10).  Specifically, the court: (1) found "some evidence" to support the DHO's decision, (*id.* at 7-8), (2) denied the petition "with respect to any challenge to notice of the charges," (*id.* at 8-9), and (3) determined that the sanctions imposed were within the limits prescribed in the regulatory scheme for the charged disciplinary infraction, (*id.* at 9-11).  Because the court found that the petition was without merit, it did not need to determine whether to excuse Petitioner's failure to exhaust, as argued by Respondent.  (*Id.* at 6-7.)

Petitioner appealed the court's decision to the United States Court of Appeals for the Third Circuit on July 8, 2011. (*See* Doc. 11.) By certified order dated December 28, 2011, issued in lieu of a formal mandate, the Third Circuit affirmed the judgment of this court. (*See* Doc. 14.)

Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, Petitioner now seeks reconsideration of this court's June 27, 2011 memorandum and order denying his habeas petition. (Doc. 17.) In his motion, Petitioner reiterates his claims that he should not have been charged with a Code 108 violation and that the sanctions were improper and excessive. (*Id*. ¶¶ 6, 10.) In addition, Petitioner argues that he does not speak, read, write, or comprehend the English language, and asks the court to reconsider its decision because: (1) Warden Zickefoose's December 28, 2009 memorandum - upon which he contends this court based its decision - was not translated into his native Spanish language, and (2) Warden Zickefoose should have assisted him with filing an administrative remedy because it was written in the English language. (*Id*. ¶¶ 7, 8.) Respondent filed a brief in opposition to Petitioner's motion for reconsideration on February 3, 2014. (Doc. 17.) As Petitioner has not filed a reply, the motion for reconsideration is ripe for disposition. After careful review, the motion will be denied.

**II.     Discussion**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A party bringing a motion to reconsider under Rule 60 bears a heavy burden. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) ("We view Rule 60(b) motions as extraordinary relief which should be granted only where extraordinary justifying circumstances are present") (quotations omitted). Rule 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or

4

>vacated; or applying it prospectively is no longer equitable;
>or
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3), no more than a year after the entry of judgment.  Fed. R. Civ. P. 60(c)(1).  Further, the decision to grant or deny relief pursuant to Rule 60(b) lies in the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances.  *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981).  To that end, relief is available only in cases evidencing extraordinary circumstances.  *See Ackerman v. United States*, 340 U.S. 193 (1950); *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975).  A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established."  *FDIC v. Alker*, 234 F.2d 113, 116-17 (3d Cir. 1956).

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle.  "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.'  It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief

5

by means of appeal." *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).

Applying the standards used when a party seeks to reopen his case under Rule 60(b)(6), the court concludes that Petitioner has failed to demonstrate the existence of extraordinary circumstances warranting relief. While the motion to reopen under Rule 60(b) does not appear to be filed "within a reasonable time," *see* Fed. R. Civ. P. 60(c)(1), as it was brought more than two (2) years since the Third Circuit's certified order was issued on December 28, 2011 (*see* Docs. 14, 15), regardless, the court finds no grounds for relief here on the merits of his motion.

First, Plaintiff argues that this court's judgment was based upon a memorandum dated December 28, 2009, and submitted by Warden Zickefoose, that informed inmates that possession of a cell phone was considered a threat to the security and orderly running of the institution. (Doc. 15 ¶ 7.) Because that memorandum was never translated into his native Spanish language, Petitioner argues that "he could not [have] possibly . . . understood" that possession of a cell phone was considered such a threat, and therefore without such notice he never should have been charged with a violation of Section 108. (*Id.* ¶¶ 7, 9.) However, the record reveals that Petitioner spoke English during the DHO hearing and that he made several statements to the DHO. (*See* Doc. 7-1, Ex. 1, Attach. E.) In

6

addition, at that hearing Petitioner was advised of his rights in English and indicated that he understood them. (*Id.*) There is nothing in the record showing that Petitioner informed anyone at that hearing that he did not speak, read, write, or comprehend the English language. (*Id.*) Moreover, the record belies Petitioner's claim that the court relied upon this December 28, 2009 memorandum in its decision denying his habeas petition. Rather, although there was a reference to the memorandum in the DHO's report, (*see* Doc. 7-1 at 25, Ex. 1, Attach. E), it was never submitted to this court for its consideration by either party and the court made no reference to it in its decision denying the habeas petition, (*see* Doc. 10). The Third Circuit did not mention this memorandum in its judgment either. (*See* Doc. 14.) Therefore, with respect to Petitioner's first ground for relief, the court concludes that Petitioner has failed to demonstrate the existence of extraordinary circumstances warranting relief under Rule 60(b)(6).

Second, Petitioner argues for reconsideration on the basis that Warden Zickefoose failed to assist him with his administrative remedy in Spanish, and therefore his failure to exhaust his administrative remedies should have been excused. (Doc. 15 ¶ 8.) Even assuming this allegation to be true, because the court did not base its decision here on Petitioner's failure to exhaust, but rather addressed the petition on its merits, this contention does not warrant

7

reconsideration of the court's decision.  Thus, with respect to this second ground for relief, the court concludes that Petitioner has failed to demonstrate the existence of extraordinary circumstances warranting relief under Rule 60(b)(6).

Based on the foregoing, Petitioner's motion for reconsideration, brought under Rule 60(b)(6) of the Federal Rules of Civil Procedure, will be denied.  An appropriate order will issue.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated:  May 13, 2014.